UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY OLIVER,

    Plaintiff,

v.   Case No: 8:16-cv-1051-T-TGW

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas G. Wilson, filed on May 25, 2017. Doc. 23. In the Report and Recommendation, the Magistrate Judge recommends that the Court affirm the Commissioner of Social Security's decision because it is supported by competent, substantial evidence. *Id.* Plaintiff Tracy Oliver filed an objection to the Report and Recommendation (Doc. 24) (the "Objection") adopting her original memorandum challenging the Commissioner's decision on the basis that it is not supported by competent, substantial evidence (Doc. 21), and the Commissioner has responded (Doc. 25). After an independent de novo review of the record, including Oliver's Objection and the Commissioner's response, the Report and Recommendation will be adopted, confirmed, and approved in all respects, and the decision of the Commissioner will be affirmed.

### I.    BACKGROUND

On December 17, 2012, Oliver filed a Title II application for disability and disability insurance benefits. R:173-74. The claim was denied on March 7, 2013, and denied again on reconsideration on May 15, 2013. R:70, 72, 74. On June 30, 2014, Oliver and an impartial

1

vocational expert ("VE") testified at a hearing before the Administrative Law Judge ("ALJ"). R:34-50.  On September 16, 2014, the ALJ issued a written decision finding that Oliver has the severe impairments of arthritis, osteoarthritis, affective disorder, insomnia, and anxiety disorder. R:16.

The ALJ found that Oliver has a residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c)[1] except frequently crouch and crawl, and that her work is limited to simple, routine, and repetitive tasks.  R:18.  In making this determination, the ALJ recognized that Oliver had a consistent work history before leaving the workforce during grief counseling, then remained unemployed.  R:19, 40-41.  Oliver testified that she left the workforce following her father's suicide, and that when she attempted to return to work as an environmental tech at a hospital, seeing patients on stretchers caused her to have a panic attack.  R:40-41.  Oliver reported during the hearing that she continued to have panic attacks at least once a week when thinking about her deceased relatives.  R:41.  Oliver's treatment record contained a notation stating that she "has applied for disability and needs 4 wk visits," which the ALJ determined suggested a treatment plan directed to creating a record instead of one for medical need.  R:19, 322, 324.  The ALJ determined that Oliver's outpatient records did not support the alleged severity, but "[i]n deference to the consultative examination and subjective complaints of 'confusion,' " concluded that "work is limited to simple, routine, and repetitive tasks."  R:20.

Additionally, Oliver reported right hip pain, which she treated with physical therapy, following which, she worked for two years.  R:19-20, 41-42.  Oliver also took pain medication for her hip, but reported that she continued to experience a pain level of six or seven on a scale of ten.

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 1567(c).

2

R:42. The ALJ determined that the record was otherwise devoid of physical treatments for Oliver's back, hip, and knees and concluded that "considering the complaints of right hip pain and knee pain, without radiological evidence, but with maintenance on pain medication, medium work is supported with frequently crouch and crawl." R:19-20.

The ALJ further found that Oliver is capable of performing past relevant work as a transporter and hospital cleaner, which does not require performance of work-related activities precluded by Oliver's residual functional capacity. R:20. The VE testified that Oliver's past work included transporter, which falls under the Dictionary of Occupational Titles ("DOT") 355.677-014, was medium work, and specific vocational preparation ("SVP") level of 2; and hospital cleaner, which falls under DOT 323.687-010, and was also medium work and SVP level of 2, which the ALJ determined to be past relevant work. R:20, 46-47. The VE described both jobs as "unskilled." R:46-47. After comparing the physical and mental demands of the work with Oliver's residual functional capacity, and taking into account the VE's testimony, the ALJ found that Oliver is capable of performing it as generally performed. R:21.

Additionally, the ALJ examined Oliver's age, education, work experience, and residual functional capacity, the ALJ found that other jobs exist in significant numbers in the national economy that Oliver can perform. *Id.* Oliver was 51 at the time of the alleged onset of disability, and has at least a high school education. *Id.* Upon inquiry by the ALJ, the VE testified that based on the relevant factors as applied to Oliver, she would be able to perform the requirements of representative occupations, at the medium exertional level, such as handpacker, laundry worker, and kitchen helper. R:47-48. The VE further testified that jobs existed at a light exertional level that Oliver could perform, including bench assembler, laundry folder, and café attendant. R:21-22, 47-48. The ALJ asked the VE whether her testimony was consistent with the DOT, which the

VE testified it was, and the ALJ thereafter found the testimony to be consistent with the DOT. R:22, 48. Accordingly, the ALJ found that Oliver was not disabled.

On March 1, 2016, the Appeals Council denied Oliver's request for review. R:1. On April 29, 2016, Oliver filed the instant action for review of the Commissioner's decision. In her Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff's Claim for a Period of Disability and Disability Insurance (Doc. 21), Oliver argued that the Commissioner's decision is not supported by competent, substantial evidence because the ALJ did not resolve a conflict between the VE's testimony and the DE regarding the reasoning level required for her past relevant work. After consideration of the parties' briefs and the administrative record, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner. Doc. 23.

## II.    LEGAL STANDARD

### A.    Review of a Report and Recommendation

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

**B.     Review of the Commissioner's Decision**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the Court finds that the proof preponderates against it. *See* 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). In other words, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Phillips*, 357 F.3d at 1240 n.8 (quotation marks, citation, and alteration omitted).

**C.     An ALJ's Five-Step Disability Analysis**

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 416.920(a)(4). The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009). If it is determined at any step in the analysis

that the claimant is disabled or not disabled, the evaluation does not proceed.  *See* 20 C.F.R. § 416.920(a)(4).

## III.   DISCUSSION[2]

The Eleventh Circuit held in *Jones v. Apfel*, 190 F.3d 1224, 1228-29 (11th Cir. 1999), that a VE's testimony as to the jobs that a social security claimant can perform in the economy constitutes competent, substantial evidence as long as the administrative law judge poses a hypothetical question that includes all of the claimant's impairments.  The Eleventh Circuit further held that in cases where the vocational expert's testimony conflicts with the DOT, "the VE's testimony 'trumps' the DOT."  *Id.* at 1230.  In making this determination, the Eleventh Circuit reasoned that the DOT is not comprehensive and directs users to supplement its information with data from the local economy.  *Id.* at 29-30.

Subsequent to the *Jones* decision, the Social Security Administration released SSR 00-4P, which states that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." *Policy Interpretation Ruling : Titles II & XVI:  Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000).  To fully develop the record, the administrative law judge should "inquire, on the record, as to whether or not there is such consistence."  *Id.*  Additionally, the ruling provides that neither VE evidence nor the DOT "trumps" in the case of conflict, but instead the adjudicator should resolve the conflict by determining whether the VE's testimony is reasonable.  *Id.*

---

[2] The Court denies Oliver's request for oral argument.

Despite SSR 00-4P, courts have continued to follow the Eleventh Circuit's decision in *Jones*, which allows an ALJ to rely on VE evidence without resolving any conflict between the evidence and the DOT. *See, e.g.*, *Hobbs v. Colvin*, No. 8:13-cv-3233-T-24 MAP, 2015 WL 628763, at *4 (M.D. Fla. Feb. 12, 2015). Similarly, decisions within the Middle District have declined to impose an obligation on the ALJ to independently investigate whether a conflict exists between the vocational expert's testimony and the DOT. *See, e.g.*, *Cousins v. Colvin*, No. 2:12-cv-505-FTM-29DNF, 2013 WL 5278271, at *6 (M.D. Fla. Aug. 23, 2013) (citing *Garskof v. Astrue*, No. 5:07-cv-288-Oc-GRJ, 2008 WL 4405050 (M.D. Fla. Sept. 26, 2008)). Moreover, the Eleventh Circuit, in unpublished opinions, has continued to apply the rule set forth in *Jones*. *Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 974-75 (11th Cir. 2012) ("If there is a conflict between the DOT and the jobs identified by a VE in response to the hypothetical question, the testimony of the vocational expert 'trumps' the DOT because 'the DOT is not the sole source of admissible information concerning jobs.' ") (quoting *Jones*, 190 F.3d at 1229-30); *see also Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007).

Oliver's sole argument is that the Commissioner's decision is not supported by competent, substantial evidence because the VE's testimony conflicts with the DOT and the ALJ did not resolve this conflict. Oliver alleges that the conflict arises from the ALJ's finding that she is limited to performing simple and routine tasks, but the DOT provides a reasoning level of 2 for her past relevant work as a transporter and hospital cleaner, which requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving few concrete variables in or from standardized situations." 3.55.677-014 Transporter, Patients, DICOT 355.677-014, 1991 WL 672947 (4th ed. 1991); 323.687-010 Cleaner, Hospital, DICOT 323.687-010, 1991 WL 672782 (4th ed. 1991). In making

7

this argument, Oliver relies on a decision stating that "[a] reasoning level of two, or higher, assumes that the applicant is capable of more than simple or repetitive tasks." *Smith v. Astrue*, No: 5:06-cv-373-Oc-10GRJ, 2008 WL 879380, at *8 (M.D. Fla. Mar. 28, 2008).

Courts have previously affirmed decisions that a claimant who is limited to simple, routine, and repetitive work can perform jobs with a reasoning level of 2 where the VE has testified that a person with the claimant's limitations can perform such work. *Miller*, 246 F. App'x at 661; *White v. Comm'r of Soc. Sec.*, No. 2:15-cv-139-FtM-CM, 2016 WL 4487181, at *7-8 (M.D. Fla. Aug. 26, 2016). As explained above, an ALJ is permitted to rely on a VE's testimony, and any such testimony trumps the DOT. *Jones*, 190 F.3d at 1230. Here, the VE testified that Oliver could perform jobs that require level 2 reasoning, and the ALJ did not err in relying on this testimony. Moreover, the ALJ complied with SSR00-4P by asking the VE whether her testimony was consistent with the DOT, which she testified it was, and Oliver, who was represented by counsel, did not raise any inconsistency during the hearing. *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016). Accordingly, the ALJ's decision is supported by competent, substantial evidence.

**IV.   CONCLUSION**

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED:**

1. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Doc. 24) is **OVERRULED**. Plaintiff's request for oral argument is denied.

2. The Report and Recommendation of the Magistrate Judge (Doc. 23) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner of Social Security is **AFFIRMED**.

4. The Clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on July 28, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any